*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LINDA DAVIS and LONNIE D. DAVIS, her husband, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 13-1742 (FLW) |
| | : | |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB CO., *et al.*, | : | OPINION |
| | : | |
| Defendants | : | |
| ELWOOD TAYLOR, JR and SANDRA TAYLOR, his wife, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 13-1743 (FLW) |
| | : | |
| v. | : | |
| | : | |
| BRISTOL-MYERS SQUIBB CO., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**WOLFSON, United States District Judge:**

In these removed actions, Plaintiffs, Linda and Lonnie D. Davis, and Elwood Jr. and Sandra Taylor (collectively "Plaintiffs"), move separately to remand their respective case to the Superior Court of New Jersey, Law Division, Atlantic County. As the basis for remand, Plaintiffs posit that the Complaints before this Court are merely amended complaints, which do not qualify as initial pleadings under the removal statute. In response, Defendant Bristol-Myers Squibb Company ("BMS" or "Defendant") maintains that the removal of the instant Complaints was proper because these Complaints were newly filed before the State Court's Clerk's Office, and as a result, they had the effect of

commencing new civil actions. Based on the parties' respective positions, the issue before this Court is whether the removed-Complaints are initial pleadings for the purposes of 28 U.S.C. § 1331. For the reasons stated herein, the Court answers in the affirmative, and therefore, denies the Plaintiffs' motions for remand.

### BACKGROUND FACTS and PROCEDUREAL HISTORY

In a series of opinions, this Court has had more than one occasion to recount, extensively, the facts of this case. I will not belabor them here. Briefly, plaintiffs, both in this Court and in state court, have brought suits against BMS alleging physical and emotional injuries because of exposure to toxic and hazardous environmental contamination at a property owned by BMS in New Brunswick, New Jersey ("Site"). *See*, *e.g., Harris v. Bristol-Meyers Squibb Co.*, No. 11-6004, 2012 WL 1243260, at *1 (D.N.J. Apr. 12, 2012). With respect to the cases filed in state court, on October 6, 2008, the Supreme Court of New Jersey centralized all pending and future cases that allege injuries arising from the Site as a Mass Tort Action. *See* Supreme Court Order dated October 6, 2008. Those centralized cases were assigned to the Honorable Carol E. Higbee, Presiding Judge, at the Superior Court of New Jersey, Atlantic County. *Id.* On October 17, 2008, Judge Higbee executed a Case Management Order No. 1 ("CMO"), which instructed the parties that each complaint filed by any plaintiff is limited to a single plaintiff or a related household of plaintiffs. *See* CMO dated October 17, 2008, p.2.

Despite the CMO, on June 10, 2011, a group of 106 plaintiffs, which includes Plaintiffs in this case, filed their first consolidated complaint in the Mass Tort Action exclusively asserting claims for medical monitoring and property damage (the "Group Monitoring Complaint"). *See* Group Monitoring Complaint, ¶¶ 3-4. That complaint

averred that BMS tortiously discharged contaminants into the surrounding area of the Site, which exposed plaintiffs to carcinogenic and toxic substances significantly greater than the normal exposure for the general population. *See Id.* at ¶ 14.  These plaintiffs further averred that BMS substantially increased their risks of contracting serious and/or deadly diseases. *See Id.* at ¶ 24.  Therefore, the plaintiffs demanded that BMS fund a medical monitoring program to pay for medical examinations, diagnostic tests and related costs. *See Id.* at ¶¶ 38-39.

When the Group Monitoring Complaint was filed in the State Court Clerk's Office, a procedural issue arose as to the consolidated nature of the complaint.  At that time, Judge Higbee, in an informal conference, expressed a preference for these plaintiffs to file individual complaints; however, she ultimately instructed the Clerk's Office to receive the Group Monitoring Complaint for filing, and defer the matter for any later rulings necessitated by this administrative decision.

Subsequent to the filing of the Group Monitoring Complaint, Plaintiffs, here, allegedly manifested actual illnesses stemming from their toxic exposures at the Site. *See* Davis' Compl., ¶ 4; Taylor Compl., ¶ 4.  As a result, Plaintiffs sought to assert these new claims in the Mass Tort Action.  Having consulted with Judge Higbee as to the preferred method to assert those additional claims, Plaintiffs decided, and Judge Higbee agreed, that Plaintiffs file new Complaints under new docket numbers for administrative ease.  Importantly, however, rather than incorporating the Group Monitoring Complaint in the instant Complaints, Plaintiffs expressly incorporated the Third Amended Master Complaint, which includes the personal injury claims for those state plaintiffs who have allegedly developed illnesses stemming from the toxic exposure.  *See* Davis' Compl., ¶ 3;

Taylor Compl., ¶ 3 ("Plaintiffs adopt and incorporate herein by reference as if fully restated the document attached hereto entitled 'Third Amended Master Complaint'").

Thereafter, on March 21, 2013, Defendant removed Plaintiffs' cases to this Court. In support of their removal petition, Defendant construes Plaintiffs' filing of the Complaints as new civil actions independent and separate from the Group Monitoring Complaint. In the instant matters, Plaintiffs move for remand based on the position that the removed-Complaints are not initial pleadings, but rather are merely amendments to the Group Monitoring Complaint as to Mr. and Mrs. Davis and Mr. and Mrs. Taylor.

## DISCUSSION

Under 28 U.S.C. § 1441, "[A]ny civil action brought in State court of which the district courts of the Untied States have original jurisdiction, may be removed by the defendant or defendants to the district court." Federal court jurisdiction may be based on federal question or diversity of citizenship grounds. 28 U.S.C. § 1331 (federal question); and, 28 U.S.C. § 1332 (diversity). In determining whether to remove a matter to federal court, the defendant "bears the burden of demonstrating jurisdiction." *Horizon Blue Cross Blue Shield of New Jersey v. East Brunswick Surgery Center*, 623 F. Supp. 2d 568, 572 (D.N.J. 2009). In the Third Circuit, it is well settled that removal statutes "are to be strictly construed against removal and all doubts must be resolved in favor of remand." *American Asset Finance, LLC v. Corea Firm*, 821 F. Supp. 2d 698, 699 (D.N.J. 2011) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

In the instant matters, BMS contends that removal was proper because Federal and New Jersey court rules dictate that when Plaintiffs filed their Complaints with the state court, new civil actions had commenced. BMS reasons that the Clerk's Office

assigned docket numbers to those new Complaints, and that Defendant was served with the new Complaints, as well as a Civil Case Information Statement. BMS submits that nothing in the instant Complaints suggests that they are amended complaints to the Group Monitoring Complaint. Instead, BMS posits that Plaintiffs' position on theses motions to remand is one taken after the fact to defeat removal. In response, Plaintiffs insist that the instant Complaints serve only to amend their Group Monitoring Complaint, and to find otherwise would exalt form over substance. The Court's task, in light of the parties' respective positions, is to decide whether Plaintiffs' Complaints should be considered as initial pleadings under the Removal statute, or whether they should be interpreted as amendments to the Group Monitoring Complaint in the Mass Tort Action. The Court finds the former to be true.

      Indeed, in addition to the fact that Plaintiffs complied with all the procedural court rules with regard to filing new actions, the instant Complaints are deemed separate and distinct from the initial Group Monitoring Complaint. Notably, paragraph 3 of the instant Complaints expressly adopt and incorporate the "Third Amended Master Complaint." As the Court has noted earlier, the state plaintiffs who have developed personal injuries, allegedly as a result of the toxic exposure, filed individual pleadings, and as a group they referred to, and relied on, the Third Amended Master Complaint in the Mass Tort Action. The Third Amended Master Complaint not only includes monitoring claims, but also additional claims related to personal injuries. Plaintiffs asserted their new claims in a manner indistinguishable from those plaintiffs who have already suffered injuries. By doing so, Plaintiffs brought new causes of actions against Defendant based on different,

and indeed, distinct legal theories from those asserted in the Group Monitoring Complaint; as a result, the filing of the instant Complaints initiated new civil actions.

Equally compelling, Counsel's Rule 4:5-1 Certification confirms this Court's interpretation; Plaintiffs' counsel represented that "there are no other parties known who should be joined in this action and there are no other proceedings with respect to the controversy in this action or in any of the aforesaid related actions filed or to be filed that are pending in this Court, in any other Court of this State or in Federal Court." Counsel's Rule 4:5-1 Certification dated February 22, 2013. Critically, counsel did not reference Plaintiffs' original action initiated by the Group Monitoring Complaint; this representation further indicates that the instant Complaints are separate from that complaint.

Accordingly, the Court finds that the instant Complaints filed by Plaintiffs in state court are initial pleadings for the purposes of the removal statute, and therefore, removal was appropriate. Plaintiffs' motions for remand are **DENIED**.

DATED: June 19, 2013                              /s      Freda L. Wolfson
                                                  Freda L. Wolfson, U.S.D.J.